## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LaShawn M .Young,

                Plaintiff,                           Case Number 15-cv-10080
                                                 Hon.  Denise Page Hood

v.

CSL Plasma Inc., et al

                Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS MORE DEFINITE COMPLAINT (DOC. 34) AND MOOTING OTHER MOTIONS (DOCS. 14, 36, 41, 44)

### I.      INTRODUCTION

Defendants filed a motion to dismiss Plaintiff's "More Definite Complaint" **(Doc. 34, filed June 5, 2015)**. The Motion is fully briefed; the Court **GRANTS** the Motion.

### II.     BACKGROUND

Plaintiff was employed by Defendant CSL Plasma, Inc. ("CSL"), and was terminated on March 21, 2014.  Plaintiff filed a Complaint against Defendants on January 9, 2015.  Plaintiff made the following allegations against Defendants in the Complaint: (1) Violation of public policy for wrongful termination in retaliation for filing whistleblower complaints with federal agencies; (2) Intentional Infliction of Emotional Distress (IIED); (3) Defamation and Slander; and (4) "Mental Anguish, Pain and Suffering, Lost Wages, etc."  In his Complaint, Plaintiff alleges that despite contacting

1

Defendant Tasiemsk and Defendant CSL multiple times during his medical leave absence, Plaintiff was terminated.  Plaintiff also alleges that Defendant Tasiemsk reported false information to Defendant CSL in an effort to have Plaintiff terminated.

Plaintiff subsequently sought leave to amend his Complaint, and on April 10, 2015, the Court granted Plaintiff leave to file an Amended Complaint by April 22, 2015 (**Doc.  20, filed April 20, 2015**).  Plaintiff filed an Amended Complaint on April 22, 2015 (**Doc. 26, filed April 22, 2015**).  The Amended Complaint alleged additional facts and changed the claims against Defendants.  Plaintiff brought the following claims against Defendants in the Amended Complaint: (1) Violation of 42 U.S.C. §§1981 and 1983; (2) violation of Elliott-Larsen Civil Rights Act (ELCRA); (3) employment discrimination pursuant to 29 U.S.C. §§ 2000e-3 and 215; (5) IIED; (6) vicarious liability and respondeat superior; (7) slander and defamation; and (8) negligence in hiring.

On May 6, 2015, the Court entered a Stipulated Order Requiring Plaintiff to File a More Definitive Statement (**Doc. 29, filed May 6, 2015**). The Stipulated Order required Plaintiff to identify each cause of action being asserted against each Defendant, and assert the laws, along with the factual basis, Plaintiff believes actually apply to those specific causes of action.

Plaintiff filed a "More Definite Complaint" (**Doc.  32, filed May 21, 2015**), in which he alleges the following claims against Defendants: (1) violation of 42 U.S.C. §1981; (2) violation of public policy- retaliation; (3) violation of Elliott-Larsen Civil Rights Act (ELCRA); (4) violation of Title VII of the Civil Rights Act of 1964; (5) IIED;

2

(6) vicarious liability and respondeat superior; (7) slander and defamation; (8) negligence in hiring; and (9) perjury.

## III.    STANDARD OF REVIEW

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When a complaint is challenged under Rule 12(b)(6), a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Although the court primarily considers the allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

## IV.    DISCUSSION

Young filed a "more definite" Complaint. The Court instructed Young to identify which causes of action were being asserted against each Defendant, and provide the supporting factual basis. (**Doc. 29, filed May 6, 2015**). Young has had multiple opportunities to rectify the inadequacies of his Complaint, but has failed to do so. Plaintiff fails to identify which causes of action are being asserted against each Defendant. Plaintiff fails to assert the laws he believes actually apply to those specific causes of action and improperly added two claims without leave from the court to amend the complaint a second time.

The factual allegations he does provide do not support the claims he asserts. While it is true that pleadings drafted by *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers, a court must still examine a *pro se* complaint to determine whether it fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). As demonstrated below, Young has failed to plausibly establish his claims.

### A.     Race Discrimination Claims

Young asserts that he was discriminated against due to his race. Specifically, he alleges violations of Title VII,  ELCRA, and §1981. Title VII racial discrimination, and racial discrimination under Michigan Civil Rights Act. The standard that governs Title VII cases and that governs Michigan's Civil Rights Act are the same. The same is true for analyzing a claim under 42 U.S.C. § 1981. Accordingly, the Court will analyze all racial discrimination claims, both federal and state, together. *Kuhn v. Washtenaw Cty.*, No.

4

10-11191, 2012 WL 1229890, at *6 (E.D. Mich. Apr. 12, 2012) aff'd, 709 F.3d 612 (6th Cir. 2013).

Race discrimination cases apply the burden shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). The approach requires the plaintiff to establish a prima facie case and create a presumption of discrimination by showing by a preponderance of the evidence: (1) that he belongs to a protected class; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the job; and (4) that he was treated differently from similarly situated employees from a nonprotected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitinio Restaurant*, 61 F.3d 1241, 1246 (6th Cir.1995); *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich.App. 347, 361, 597 N.W.2d 250 (1999). Alternatively, a plaintiff could establish a prima facie case by presenting credible, direct evidence of discriminatory intent. *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir.1987).

If a plaintiff proves a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802–803. Once the employer carries this burden, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were merely pretext for discrimination. *Id.*; *Ang v. Proctor Gamble Co.*, 932 F.2d 540, 548 (6th Cir.1991). The plaintiff may meet this burden by showing: (1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; or (3) the stated reasons were insufficient to explain the

employer's actions. *Wheeler v. McKinley Enters*., 937 F.2d 1158, 1162 (6th Cir.1991). The burden of persuasion always, however, remains with the plaintiff.

When a plaintiff claims race discrimination, the plaintiff must show that he suffered an adverse employment action. *Kuhn v. Washtenaw Cty*., No. 10-11191, 2012 WL 1229890, at *6 . An adverse employment action is an action by the employer that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Lindsey v. Whirlpool Corp*., 295 F. App'x 758, 767-68 (6th Cir. 2008) *quoting Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998). Young cannot establish that he suffered an adverse employment actions, or that the adverse employment actions were motivated by his race.

### 1.    Failure to Train

Young states:

> Plaintiff was repeatedly denied additional job training in favor of white
> employees who had numerous attendance and performance problems. . .
> When plaintiff inquired about said disparities, Mr. Tasiemski stated that
> additional training was granted at his discretion, while repeatedly denying
> plaintiff's request for additional training.

**(Doc. 31, filed May 2, 2015)**. The "mere denial of a supplemental training, even if other employees were allowed to attend the training, is not an adverse employment action, " unless "failure to attend the training would result, or has resulted, in any demotion, loss of pay, loss of responsibility, or other materially adverse effect." *Creggett v. Jefferson Cty. Bd. of Educ*., 491 F. App'x 561, 567 (6th Cir. 2012). Young failed to allege that CSL's

6

denial of training to him resulted in an adverse employment action, such as a loss of pay, demotion, or loss of responsibility. Accordingly, this claim cannot sustain this discrimination claim.

### 2.     Failure to Promote

Young alleges that he was discriminated against in violation of ELCRA, Title VII, and Section 1981 because he was wrongfully denied a promotion in favor or Mr. James. Failure to promote constitutes an adverse employment action. To establish a prima facie case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion, (3) he  was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied. *Nguyen v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000).

Young cannot sustain his discrimination claim based on failure to promote because he cannot make out a prima facie case because he failed to establish the fourth element. The fourth element states employees "not members of the protected class received promotions." *Id*. Here, Defendant identifies Mr. James as an African American, which means a member of Young's class was given the promotion. Accordingly, Young cannot establish the fourth element for a prima facie case regarding failure to promote.

### 3.     Remaining Claims Adverse Employment Claims.

The rest of Young's factual claims fail to establish a claim for race discrimination

7

because they are not adverse employment actions. As noted, an adverse employment

action involves "a significant change in employment status, such as hiring, firing, failing

to promote, reassignment with significantly different  responsibilities, or a decision

causing a significant change in benefits." *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758,

767-68 (6th Cir. 2008). Young states that he was discriminated against on the basis of his

race because: (1) he did not receive his requested work schedule; (2) he did not receive a

work transfer; (3) Mr. Tasiemski and Mr. James solicited Young's coworkers to write

notes about him making it appear as if he was "a problem employee"; and (4) Mr.

Tasiemski wrote up Young for violating an "obscure" work rule and refused to retract the

written warning.

        None of  these factual scenarios rise to the level of a an adverse employment

action. Taken as true, none of these facts implicate that Young suffered a significant

change in employment status amounting to an adverse employment action. For instance,

Young failed to plausibly explain how failing to obtain his preferred work schedule

caused him to suffer an adverse employment action. See also, *Blake v. Potter*, 247 F.

App'x 673, 675 (6th Cir. 2007) ("plaintiff has provided no evidence whatsoever that the

denial of these discretionary schedule changes is in any way comparable to termination of

employment, a demotion evidenced by decrease in wage or salary.") (internal quotations

omitted). Nor does Young show how CSL's denial of a work transfer, or comments from

his coworkers about him resulted in a significant change in employment status or benefits.

 *Lindsey*, 295 F. App'x 767-68. And finally, Young did not explain how his violation of

8

an "obscure" work rule resulted in adverse employment action because he failed to identify the rule, or how his violation of the rule adversely impacted his employment.

### 4.   Termination

Young claims  he was terminated in violation of his civil rights. Termination does constitute an adverse employment action.  *Id.* However, to sustain a claim for race discrimination the claimant must show that the termination was motivated by race.  "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). Instead, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) citing  *Twombly*, 550 U.S. at 562.

Young's Complaint does not provide any factual content that demonstrates race was the motivation behind his termination, or that CSL intended to discriminate against Young on the basis of his race. Young's Complaint states:

> Plaintiff was wrongfully terminated from CSL Plasma on 3/21/14, while on medical leave of absence due to overwhelming stress caused by hostile, discriminatory, retaliatory and defamatory actions of Mr. Tasiemski & CSL. In addition to race, defendant's adverse actions were retaliation for plaintiff's efforts to improve safety for customers and employees via plaintiff's reports to Mr. Tasiemski & CSL and whistleblower complaints to the FDA, OSHA, etc. . . .  To protect plaintiff's health due to overwhelming stress caused by the aforementioned events, plaintiff took a medical leave of absence from 1/13/14 to 3/21/14 when plaintiff was wrongfully terminated.

9

> During plaintiff's medical leave, plaintiff complied with all of defendant's rules. . . However, defendant was aware that plaintiff filed a whistleblower complaints with various government agencies such as the FDA and OSHA. In retaliation, plaintiff was wrongfully terminated.

**(Doc. 32 at 2,4, filed May 21, 2015)**. Young's Complaint does not provide any factual content that allows the Court to infer that race was behind any adverse employment action. There is no direct or indirect factual allegation that supports his claims. His claims regarding the termination are filled with conclusions rather than facts. For instance, Young states, "Plaintiff was wrongfully terminated from CSL Plasma on 3/21/14, while on medical leave of absence due to overwhelming stress caused by hostile, discriminatory, retaliatory and defamatory actions of Mr. Tasiemski & CSL." *Id*. That is a conclusion, not a statement of facts that leads one to plausibly believe Young's conclusion that he was subjected to discriminatory or hostile actions. The Sixth Circuit has noted, although a "complaint need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference that Defendants discriminated against Plaintiff with respect to his race." *Sam Han*, 541 F. App'x at 626. Aside from Young's conclusory statements that he was discriminated against on the basis of race, the Court cannot identify any other factual content that supports his contention. Young's subjective belief, as demonstrated by his conclusory statements, that he was terminated as a result of his race is insufficient to sustain his claim. Plaintiff's claim of race discrimination is dismissed.

**B.    WHISTLEBLOWER PROTECTION ACT AND PUBLIC POLICY CLAIMS**

Young claims he was terminated in retaliation for his reports to Mr. Tasiemski and CSL, and his whistleblower complaints to the FDA and OSHA. Young labels these claims as "public policy" claims. Defendant contends that this claim is actually a claim under the Michigan Whistleblower Protection Act, and it is time barred because he asserted the claim long after the 90-days statute of limitations.

After examining the contents of his claim, the Court construes Young's public policy claim as a claim under the Michigan Whistleblower Protection Act ("WPA"), M.C.L. § 15.362. The WPA protects employees against retaliation who report, or plan to report, suspected violations of laws, rules, or regulations to a public body. *Id*. The WPA "preempts common-law public-policy claims arising from the same activity." *Anzaldua v. Neogen Corp.*, 292 Mich. App. 626, 631 (2011). Under the Act "a person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act." M.C. L.§ 15.363. Therefore, the WPA has a 90-day statute of limitations that begins to run on the date an  employer commits a wrongful act and not when a plaintiff suffers damages. *Foster v. Judnic*, 963 F. Supp. 2d 735, 763 (E.D. Mich. 2013). A plaintiff cannot evade the 90–day statute of limitations by simply recasting the claim as a public-policy claim. *Anzaldua v. Neogen Corp.*, 292 Mich. App. 626, 631-32 (2011).

Young cannot establish a WPA claim. CSL allegedly terminated Young on March

11

21, 2014, for filing complaints and suspected violations to various government agencies, such as OSHA and the FDA. **(Doc. 32 at 2,4, filed May 21, 2015)**. Young did not file his suit until January 9, 2015. Young's WPA/Public Policy claim is dismissed based on the statute of limitations.

In regards to Young's remaining public policy claims; they fail as well. A discharge violates public policy if: (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty; (2) the employee is discharged for the failure or refusal to violate the law in the course of employment; or (3) the employee is discharged for exercising a right conferred by a well-established legislative enactment. *Suchodolski v. Michigan Consol. Gas Co.,* 412 Mich. 692, 695 - 696 (1982).

Young alleges that he was terminated because he was written up for a work rule violation, denied a transfer, denied unemployment benefits for four months due to Mr. Tasiemski's alleged lie that Young did not communicate with him while Young was on leave, harassed by a CSL employee via threatening letters because Young posted a Youtube video. **(Doc. 32, filed May 21, 2015)**. The Court does not find that any of the reasons, if true, amount to a violation of the public policy standard set forth in *Suchodolski.*

Consequently, Plaintiff's remaining public policy claims are dismissed for failing to state a claim.

### C.      M.C.L. 600.2911 SLANDER AND DEFAMATION CLAIM

12

Young asserts a defamation claim. He claims CSL defamed him by having coworkers fabricate and submit false statements to portray him as a problem employee. He also alleges Mr. Tasiemski wrote up Young for violating an obscure work rule and refused to retract the written warning. Young did not identify or explain the alleged "obscure" rule. He also claims that Mr. Tasiemski and CSL lied by stating Young was fired because he failed to communicate while on leave, and stated at an unemployment appeal hearing that Young never contacted him during June 11, 2014 to July 23, 2014.

To sustain a defamation claim, a plaintiff must show: (1) a false and defamatory statement about the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) actionability of the statement irrespective of special harm (defamation *per se*) or the existence of special harm caused by publication. *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 527 (6th Cir. 2014). A plaintiff must be specific when alleging a defamation claim; he cannot rely on general and conclusory statements. *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 606 (E.D. Mich. 2007). Instead, a plaintiff "must specifically identify the statements alleged to be defamatory." *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 606 (E.D. Mich. 2007).

Young failed to sufficiently plead his defamation claim. Young states in general terms that he was defamed. For example, Young states Defendants prompted his "co-workers to fabricate and submit false statements about plaintiff, in a attempt to portray plaintiff as a problem employee." (**Doc. 32 at 3, filed May 21, 2015**). He fails to provide

13

the specific content of the alleged false and defamatory statements. *Rondigo, LLC v. Twp. of Richmond, Mich.*, No. 08-CV-10432, 2012 WL 1021726, at *7 (E.D. Mich. Mar. 27, 2012). See also *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 590 (1984) ("plaintiff's complaint failed to set forth with specificity the necessary elements of a defamation cause of action: the defamatory words complained of, the connection of the defamatory words with plaintiff, and the publication of the alleged defamatory words."). To the extent that Young asserts a defamation claim regarding testimony given by Mr. Tasiemski during the unemployment appeal hearing, any statements made during those proceedings are considered privileged and immune from a claim of defamation. See *Oesterle v. Wallace*, 272 Mich. App. 260, 265 (2006) ("statements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issue being tried. . . 'Judicial proceedings' may include any hearing before a tribunal or administrative board that performs a judicial function."). Because Young has failed to specifically plead defamation his claim is dismissed.

### D.    PERJURY

Young's Complaint contains a count for perjury. He claims  Mr. Tasiemski alleged lied during an unemployment appeal hearing when he said Young was fired because he failed to communicate with Mr. Tasiemski or CSL from January 13, 2014 to March 21, 2014. According to Young, he was denied unemployment benefits as a result of this lie, and Mr. Tasiemski committed perjury. "There is no private cause of action for perjury in

14

Michigan, or in federal court." *Harrison v. Conlin*, No. CIV. 14-13490, 2015 WL 1646653, at *3 (E.D. Mich. Apr. 14, 2015). Young's perjury claim is dismissed.

### E.   NEGLIGENT HIRING

Young asserts a negligent hiring claim against CSL. It appears he alleges: (1) Desomond James was promoted instead of Plaintiff. James is allegedly a friend of Mr. Tasiemski and the boyfriend of Mr. Tasiemski's manager, LaTosha Ford.; (2) James and Tasiemski retaliated against Young when he inquired as to why he was not promoted; (3) Tasiemski wrote up Young for violating a work rule, Young did not identify the rule, and Tasismski refused to retract it; (4) Tasiemski allegedly lied about the reason Young was terminated.

The elements of negligent hiring are: (1) a duty, (2) a breach of that duty, (3) proximate causation, and (4) damages. *Hamameh v. Gilson*, No. 317232, 2014 WL 6679261, at *9 (Mich. Ct. App. Nov. 25, 2014). "An employer may be held directly liable for its employee's tortious or illegal conduct when it knew or should have known of the employee's propensities. . .especially [if] the employer is aware of past acts of such conduct and yet hires or retains the employee." *Hamameh v. Gilson*, No. 317232, 2014 WL 6679261, at *9 (Mich. Ct. App. Nov. 25, 2014).

Young's negligent hiring claim fails. None of his factual allegations fulfill any of the elements for negligent hiring. For instance, he does not plead any duty CSL owed to Plaintiff, a breach of that duty owed, or causation. He does not claim that any CSL employee engaged in any illegal activity, which CSL knew about or should have known

15

about. Accordingly, CSL would not be on notice of any illegal conduct of its employers. Young's negligent hiring claim is dismissed.

### F.    INTENTIONAL INFLICTION EMOTIONAL DISTRESS ("IIED")

Young asserts a claim for IIED. He claims as a result of the racial discrimination retaliation, and his termination he suffered stress and mental anguish. Under Michigan law, to establish a IIED claim a plaintiff must show: (1) extreme and outrageous conduct; (2) Intent or recklessness; (3) causation; and (4) severe emotional distress. *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 770 (E.D. Mich. 1998) aff'd, 1 F. App'x 438 (6th Cir. 2001). A plaintiff demonstrates extreme and outrageous when "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 770 (E.D. Mich. 1998) aff'd, 1 F. App'x 438 (6th Cir. 2001).

While Young may have suffered distress, the Court does not find Defendants' conduct to rise to the level of being "utterly intolerable in a civilized community." The standard for IIED is a very high standard and Young has failed to establish plausible elements of the claim for it to survive. The claim is dismissed. See *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 777 (6th Cir. 1996) citing *Joumas v. Maryland Casualty Co.*, 698 F.Supp. 675, 679 (E.D.Mich.1988) ("wrongful discharge/ELCRA discrimination case in which conduct alleged did not satisfy 'particularly strict standard' for the tort of intentional infliction of emotional infliction of emotional distress").

16

### G.    VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR CLAIM

Young asserts a claim for vicarious liability and respondeat superior. Vicarious liability occurs when one is indirectly responsible for the acts of another. *Theophelis v. Lansing Gen. Hosp.*, 430 Mich. 473, 483 (1988). "A principal. . . cannot be held liable if the agent having primary responsibility is not liable." *Lincoln v. Gupta*, 142 Mich. App. 615, 622 (1985). Since the Court is dismissing Young's claims against CSL and its agents, this claim must fail as well.

**IT IS ORDERED**

that the Motion to Dismiss Plaintiff's More Definite Complaint is (**Doc 34, filed June 5, 2015**) is **GRANTED**. Plaintiff's Complaint is (**Doc. 32, filed May 21, 2015**) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that (**Doc. 14, filed March 24, 2015**); (**Doc. 36, filed June 17, 2015**); (**Doc. 41, filed July 7, 2015**) and (**Doc. 44, filed July 21, 2015**) are **DENIED AS MOOT**.


s/Denise Page Hood_____
Honorable Denise Page Hood
Chief United States District Judge

Dated:  March 31, 2016

17

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Order** was served on the attorneys of record herein by electronic means and LaShawn M. Young at 20687 Kensington Ct., Apt. 2016, Southfield Michigan by U.S. Mail on March 31, 2016.

s/LaShawn Saulsberry
Case Manager to
Chief Judge Denise Page Hood